UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MIRANDA BUERGEL, et al.,<br><br>  Plaintiff(s),<br>  v.<br><br>PROGRESSIVE DIRECT INSURANCE COMPANY,<br><br>  Defendant(s). | CASE NO. C24-0378-KKE<br><br>ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE AND STAY |

This suit arises from an insurance dispute between Plaintiffs Miranda and Mason Buergel and Defendant Progressive Direct Insurance Company ("Progressive"), which issued insurance policies to them as well as to the other driver who was involved in a car accident with Miranda Buergel in March 2023. *See* Dkt. No. 1-2. The Buergels' policy provides underinsured motorist ("UIM") coverage under certain circumstances, and the Buergels' complaint alleges that Progressive improperly and unreasonably evaluated their claims for UIM coverage, thereby breaching the contract. *Id*. The complaint also asserts causes of action for violation of the Insurance Fair Conduct Act ("IFCA"), violation of Washington's Consumer Protection Act ("CPA"), negligence, bad faith, estoppel, and declaratory judgment. *Id*.

Progressive now seeks to bifurcate this action for purposes of discovery and trial, proceeding first with the contract claim for UIM benefits and staying the other claims ("the extracontractual claims") until the UIM claim is resolved. Dkt. No. 17. The Buergels oppose the

ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE AND STAY - 1

motion. Dkt. No. 21. Because the Court finds that Progressive's concerns regarding the simultaneous litigation of the UIM and extracontractual claims can be addressed via less extreme measures, the Court denies Progressive's motion to bifurcate and stay.

## I. ANALYSIS

A court may bifurcate trial on claims raised in a single action "[f]or convenience, to avoid prejudice, or to expedite and economize[.]" Fed. R. Civ. P. 42(b). "Bifurcation is particularly appropriate when resolution of a single claim or issue could be dispositive of the entire case." *Karpenski v. Am. Gen. Life Cos., LLC*, 916 F. Supp. 2d 1188, 1190 (W.D. Wash. 2012) (quoting *Drennan v. Maryland Cas. Co.*, 366 F. Supp. 2d 1002, 1007 (D. Nev. 2005)). A court has broad discretion to determine whether bifurcation is appropriate. *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001). The party seeking bifurcation bears the burden of showing that bifurcation is appropriate. *Karpenski*, 916 F. Supp. 2d at 1190.

In this case, Progressive contends that bifurcation is appropriate to avoid the prejudice that would result if it was forced to simultaneously litigate the UIM claim and the extracontractual claims, because "Progressive's defense of the UIM claims will be prejudiced if it is required to produce its UIM file and internal privileged documents to plaintiff before the UIM claim is resolved." Dkt. No. 17 at 8 (cleaned up). According to Progressive, "allowing discovery of [its] internal evaluations and strategy prior to resolution of the UIM claims would turn [the] adversarial relationship [between Progressive, as a UIM insurer, and the Buergels] on its head, with prejudicial consequences." *Id*. (cleaned up). Progressive also contends that bifurcation would promote judicial economy, "as the outcome of the UIM claims may be dispositive of plaintiffs' bad faith claims." *Id*. at 10. Progressive emphasizes that bifurcating this action would also allow the parties to avoid the "time-consuming and expensive" "discovery and trial of plaintiffs' extracontractual claims[,]" which may prove to be unnecessary if Progressive prevails on the UIM claim. *Id*. at 11.

ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE AND STAY - 2

The Buergels oppose bifurcation on the grounds that it is the exception, not the rule, and that Progressive has failed to show that there is a good reason to depart from standard trial procedures. *See* Dkt. No. 21 at 4–9. According to the Buergels, there is substantial factual overlap between the UIM claim and the extracontractual claims, such that it would be inefficient to bifurcate. *Id*. at 4–8. The Buergels also cite cases from this district where courts have denied motions to bifurcate contractual claims from extracontractual claims, undercutting Progressive's suggestion that bifurcation is the preferred or standard method of trying these types of cases. *See, e.g.*, *Albers v. USAA Cas. Ins. Co.*, No. 3:22-cv-5489-RJB, 2022 WL 2916571 (W.D. Wash. July 25, 2022); *Est. of Hoxsey v. Allstate Prop. & Cas. Ins. Co.*, No. C15-2013-RSM, 2016 WL 7724740 (W.D. Wash. May 31, 2016); *Campbell v. Metro. Prop. & Cas. Ins. Co.*, No. C09-1611RAJ, 2010 WL 11684459 (W.D. Wash. July 19, 2010).

In arguing that bifurcation is warranted to avoid prejudice, Progressive cites *Fortson-Kemmerer v. Allstate Insurance Company* for the proposition that prejudice results when a UIM claim is combined with bad faith claims in a single lawsuit, such that bifurcation is appropriate. *See* Dkt. No. 17 at 6–7. In that case, the Washington State Court of Appeals considered whether an arbitration award of UIM benefits barred a subsequent lawsuit alleging claims for bad faith and violation of IFCA, under the doctrine of res judicata. 393 P.3d 849, 851 (Wash. Ct. App. 2017), *as amended on denial of reconsideration* (June 15, 2017). The *Fortson-Kemmerer* court found that because insurers often successfully seek to bifurcate an action where a UIM claim is joined with bad faith claims, this practice suggested that resolution of the UIM claim would not preclude litigation of the bad faith action under res judicata principles. *Id*. at 859. This decision does not necessarily endorse the practice of bifurcation, or provide any guidance as to when it is appropriate, because that issue was not before the court at that time.

*Fortson-Kemmerer* does not necessarily support Progressive's bid for bifurcation here either, because it appears that there are other, less extreme ways to mitigate the potential prejudice in simultaneously litigating the claims presented in this action. For example, Progressive raises concerns that it may be required to divulge information that would be discoverable as to the extracontractual claims but otherwise privileged for purposes of the UIM claim, but these concerns can be addressed more thoroughly and specifically in the context of a motion to compel or a motion for protective order. *See, e.g., Duett v. State Farm Mut. Auto. Ins. Co.*, No. 2:19-cv-01917-LK, 2022 WL 425342, at *3–5 (W.D. Wash. Feb. 11, 2022).

Progressive also suggests that bifurcation would promote judicial economy because resolution of the UIM claim may dispose of the extracontractual claims as well. Dkt. No. 17 at 10–11. At this early point in the litigation, the Court cannot determine if that result would occur, or if bifurcation would lead to duplicative efforts and a resulting increase in time and expense. *See, e.g., Nielsen v. California Cap. Ins. Co.*, No. 2:22-CV-0177-TOR, 2023 WL 11091814, at *2 (E.D. Wash. Sep. 5, 2023) (finding that bifurcation would not necessarily promote efficiency because "Washington courts have consistently recognized that the resolution of a UIM claim is not per se dispositive of a plaintiff's extracontractual claims").

And to the extent that Progressive suggests that a jury may be confused or prejudiced by evidence relevant to bad faith claims when resolving the Buergels' UIM claim (Dkt. No. 17 at 4), such confusion or prejudice can be mitigated via jury instructions and/or a specialized verdict form. *See, e.g., Spicher v. Am. Fam. Mut. Ins. Co., S.I.*, No. C22-1116 MJP, 2023 WL 5228506, at *1 (W.D. Wash. Aug. 15, 2023).

Because Progressive has not shown that bifurcation is the appropriate vehicle for limiting prejudice and confusion, and promoting judicial economy, the Court will deny its motion to bifurcate and stay.

ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE AND STAY - 4

## II. CONCLUSION

For these reasons, the Court DENIES Defendant's motion to bifurcate and stay. Dkt. No. 17.

Dated this 17th day of July, 2024.

Kymberly K. Evanson
United States District Judge